Ricardo J. Prieto (*pro hac vice forthcoming*)
rprieto@wageandhourfirm.com
WAGE AND HOUR FIRM
400 North Saint Paul St., Suite 700
Dallas, Texas 75201
Telephone: (979) 220-2824
Facsimile: (469) 399-1070

Melinda Arbuckle, SBN 302723
marbuckle@wageandhourfirm.com
WAGE AND HOUR FIRM
4241 Jutland Dr., Ste 200
San Diego, California 92117
(214) 210-2100 – Telephone
(469) 399-1070 – Facsimile

*Counsel for Plaintiff and Proposed*
*Class and Collective Action Members*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| GREG YOUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTER-CON SECURITY SYSTEMS, INC.,<br><br>Defendant. | **Case No. 2:23-cv-2943**<br><br>**COMPLAINT FOR VIOLATIONS OF FLSA AND CALIFORNIA STATE LAW**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Greg Young ("Plaintiff"), on behalf of himself and all others similarly situated, hereby files this Complaint against Defendant Inter-Con Security Systems, Inc. ("Defendant"), showing in support as follows:

### I.    INTRODUCTION AND NATURE OF ACTION

1.    This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

2.    This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; and the California Labor Code and

- 1 -                                    Case No.
Original Complaint

relevant Industrial Welfare Commission Wage Order, Cal. Labor Code § 2802 (Failure to Reimburse for Necessary Expenditures); Cal. Labor Code §§ 510, 1194, 1771, and 1774 (Overtime Provisions); Cal. Labor Code § 226 (Wage Statement Provisions); Cal. Labor Code §§ 226.7, 512 and Cal. Wage Order No. 4-2001, § 11 (Meal Breaks); Cal. Labor Code § 226.7, and Cal. Wage Order No. 4-2001, § 12 (Rest Breaks); Cal. Labor Code §§ 226, 1174, and 1174.5 (Record Keeping); Cal. Labor Code §§ 201, 202, and 203 (Wage Payment Provisions); (collectively, "California state law") for Defendant's violations of California state law.

3.      According to its website,[1] Defendant is a security company in the business of "providing physical security, high-value asset transportation, training services, program management, surveillance, executive protection, intelligence, and an array of other specialty services" to its customers. Defendant employs "over 35,000 employees worldwide."[2]

4.      Plaintiff was an hourly-paid, non-exempt security officer employee of Defendant who worked at Defendant's customers' sites providing security services including patrolling, monitoring, and reporting suspicious activity. Plaintiff and similarly situated security officers frequently earned either the applicable minimum wage or only slightly more than the applicable minimum wage.[3] When they worked over forty hours in a workweek which happened frequently, Plaintiff and similarly situated security officers were eligible to receive overtime wages.

---

[1]      Key Services, Inter-Con Security, https://www.icsecurity.com/key-services/ (Last Accessed April 19, 2023).

[2]      Contact Us, *Inter-Con Security*, https://www.icsecurity.com/contact-us/, last accessed April 19, 2023.

[3]      California Department of Industrial Relations, Minimum Wage, https://www.dir.ca.gov/dlse/faq_minimumwage.htm (last accessed April 19, 2023). The applicable minimum wage for an employer over with over 26 employees was $13.00 per hour in 2020; $14.00 per hour in 2021; and $15.00 per hour in 2022; and $15.50 per hour for 2023. California Labor Code § 1182.12.

Case No.
Original Complaint

5.      Defendant's policies and/or practices with regard to Plaintiff and similarly situated security officers violated the FLSA. Defendant typically required its security officers employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiff and similarly situated security officers were required to perform "off-the-clock" duties that were an "integral part of [their] principal activity" pursuant to 29 C.F.R. § 553.221. The time that Plaintiff and similarly situated security officers spent completing the pre-and post-liminary duties without pay was more than *de minimus.*

6.      Because Plaintiff and similarly situated security officers were required to work more than forty hours in a workweek (inclusive of time worked "off-the-clock"), which occurred frequently, Defendant violated the FLSA's overtime provisions under 29 U.S.C. § 207. Because Plaintiff and similarly situated security officers were typically paid the minimum wage or near minimum wages, in weeks that they worked more than forty hours (inclusive of time worked "off-the-clock"), Defendant violated the FLSA's minimum wage provisions under 29 U.S.C. § 206.

7.      Defendant's policies and/or practices with regard to meal and rest breaks also violated relevant state laws. Defendant frequently failed to provide rest breaks required by relevant state laws, and failed to fully relieve Plaintiff and similarly situated security officers during requisite meal breaks in California. As a result, Defendant failed to pay the putative California Class Action Members all wages due to them during their employment with Defendant and at the time of their separation from the company. Defendant also failed to provide the California Class Members with accurate, itemized wage statements in violation of Cal. Labor Code § 226, and failed to pay all wages due at the time of termination in violation of Cal. Labor Code § 203.

8.      Defendant's policies and/or practices with regard to Plaintiff and similarly situated security officers violated the FLSA and California labor laws. Defendant typically required its security officer employees to work more than eight

Case No.
Original Complaint

hours in a day and/or forty hours in a workweek, without proper overtime pay in violation of FLSA's overtime provisions under 29 U.S.C. § 207, and related California labor laws. Finally, Defendant failed to reimburse Plaintiff and putative California Class Action Members for expenses related to completing work for Defendant.

9.     Plaintiff seeks all damages available under federal and California law, including unpaid wages, liquidated damages, penalties, recoverable costs, pre- and post-judgment interest, and any other remedies to which Plaintiff may be entitled.

## II.     THE PARTIES

### A.    Plaintiff Greg Young

10.     Greg Young is an individual currently residing in Clark County, New Mexico. Young has standing to file this lawsuit.

11.     Young was a security officer employee of Defendant who worked in the field in various parts of California.  Plaintiff was employed from approximately May 2016 until approximately August 2020.

12.     Young's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit 1.

### B.    Putative California Class Action Members

13.     Plaintiff brings this action on behalf of himself, and others similarly situated workers in the state of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent five proposed classes of California Class Action Members composed of and defined as follows:

> All current and former non-exempt, hourly-paid security guard employees of Defendant who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum wages or overtime compensation for time spent completing off-the-clock work without any compensation, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Off-the-Clock Class Members");

Case No.
Original Complaint

All current and former non-exempt, hourly-paid security officer employees of Defendant who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek and whose wage statements were consequently inaccurate in violation of California state law (the putative "Overtime Class Members");

All current and former non-exempt, hourly-paid security guard employees of Defendant who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's failure to provide meal and/or rest breaks or penalty pay, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Break Class Members");

All current and former non-exempt, hourly-paid security officer employees of Defendant who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied reimbursement for expenditures that were necessary to carry out job duties for Defendant (the putative "Expense Reimbursement Class Members");

and

All current and former non-exempt, hourly-paid security officer employees of Defendant who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied all wages due at the time of termination or within seventy-two hours of resignation (the putative "§ 203 Class Members").

14.     Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

15.     Plaintiff is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**C.     Putative Collective Action Members**

Case No.
Original Complaint

16.     Plaintiff brings this action on behalf of himself and others similarly situated workers nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum and/or overtime wages in connection with Defendant's policy and/or practice of requiring off-the-clock work without any compensation, and/or who were not paid one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek seven-day workweek.

17.     Plaintiff reserves the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

18.     Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid minimum and overtime wages pursuant to the FLSA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

**D.     Defendant Inter-Con Security Systems, Inc.**

19.     Defendant Inter-Con Security Systems, Inc. is a corporation organized under the laws of the state of California. Its principal place of business, as listed with the California Secretary of State is 210 S De Lacey Ave, Pasadena, CA 91105.

20.     Defendant may be served with process through its registered agent, Paracorp Incorporated located at 2804 Gateway Oaks Dr., Sacramento, CA 95833.

21.     At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

22.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise

Case No.
Original Complaint

worked on goods or materials that have been moved in or produced for commerce by any person.

23.    At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

### III.    JURISDICTION AND VENUE

24.    This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

25.    This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

26.    The United States District Court for the Central District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

27.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

### IV.    FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

28.    Plaintiff worked for Defendant as a non-exempt, hourly-paid security officer employee, providing security services on behalf of Defendant's customers. Specifically, Plaintiff traveled to various job sites in California, and provided security services including patrolling, controlling gate access, conducting badge checks, redirecting traffic, reporting suspicious activity, and directing individuals around secured areas.

29.    Defendant employs thousands of security officer employees across the country, many of whom work in the State of California.

Case No.
Original Complaint

30.     All of the putative Class and Collective Action Members were similarly classified as non-exempt employees and paid on an hourly basis and performed substantially similar job duties as the Plaintiff.

31.     Plaintiff worked for Defendant beginning from approximately May 2016 until approximately August 2020.

32.     Plaintiff was paid $14.00 an hour.

33.     Plaintiff was frequently required to perform work off the clock before his shift was scheduled to begin, and after his shift ended.

34.     Defendant's failure to compensate Plaintiff and the putative Collective and Class Action members for work they performed "off-the-clock" resulted in minimum wage and overtime violations under the FLSA and California state law.

35.     Plaintiff worked more than forty hours each workweek, and for more than eight hours on any given workday. He typically worked over eight hours per day, six or seven days per week, totaling between 50 and 60 hours worked each seven-day workweek.

36.     Plaintiff did not receive all of the compensation he was entitled to when he was required to work over forty hours in a given workweek or over eight hours on a specific day for Defendant because Defendant frequently refused to pay proper overtime wages for all assigned work, which resulted in and required over eight hours of work in a day, often leaving multiple hours per day or more of undercompensated and/or uncompensated overtime wages.

37.     Plaintiff was required to track and report his work activities and mileage driven for Defendant. Based on these reports, Defendant knew or should have known that Plaintiff was working significant overtime hours to complete the assigned work. Defendant's policy and/or practice was that Plaintiff and other similarly situated employees only be compensated for overtime worked at their regular rates of pay, notwithstanding all overtime work performed and Defendant's actual and/or constructive knowledge of said work.

Case No.
Original Complaint

38.     When Plaintiff and similarly situated security officers worked over forty hours in a workweek and/or more than eight hours in a day, which happened frequently, they were eligible to receive overtime wages. Because Plaintiff and the putative class and collective action members are/were hourly paid, no exemptions from overtime pay can apply. Defendant's failure to fully compensate Plaintiff and similarly situated security officers for all work they performed resulted in overtime violations.

39.     On average, Plaintiff earned 50 to 60 hours of pay at Plaintiff's regular rate of pay of $14.00 per hour, totaling between $700.00 and $840.00 per week. Defendant did not compensate Plaintiff for his premium overtime pay worked under the FLSA and California law, nor did Plaintiff's compensation include double time pay required under California law.[4]

40.     Now, as the result of Defendant's failure to pay all hours worked in excess of eight hours in a day or forty hours in a week, Plaintiff is entitled not only to back wages but also to an equal amount of that overtime pay as liquidated damages and other relief including attorneys' fees, costs and other damages permissible under the FLSA and California labor laws.

---

[4]    California Department of Industrial Relations, *Overtime*, https://www.dir.ca.gov/dlse/faq_overtime.htm, last accessed April 19, 2023.

An employee who works beyond eight hours in any workday or more than six days in any workweek must be compensated as follows under California state law:

1. One and one-half times the employee's regular rate of pay for all hours worked in excess of eight hours up to and including 12 hours in any workday, and for the first eight hours worked on the seventh consecutive day of work in a workweek; and

2. Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight on the seventh consecutive day of work in a workweek.

Case No.
Original Complaint

41.     Such overtime violations were not limited to any particular pay period, but occurred regularly throughout Plaintiff's tenure with Defendant. Similar overtime violations occurred with respect to the putative Collective and Class Action Members.

42.     On information and belief, Defendant's overtime pay policy or practice was uniformly and consistently applied to all of its security officer employees across the country. Moreover, Defendant's pay policy or practice caused inaccuracies in Plaintiff's and the putative Class and Collective Action Members' itemized wage statements.

43.     Defendant willfully did not pay Plaintiff and the putative Class and Collective Action Members the sums due as overtime wages at the time of their separation from employment with Defendant.

44.     Defendant either knew or should have known that Plaintiff was required to work significant overtime hours.

45.     Plaintiff and similarly situated security guards routinely worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by California state law.

46.     In addition, Plaintiff and similarly situated security guards regularly performed four hours of work without being afforded at least one ten-minute rest break in which they were relieved of all duty or a major fraction thereof, as required by California state law.

47.     Finally, Plaintiff and similarly situated security guards were not reimbursed for necessary expenditures related to purchases of cell phones, data plans, internet connections, email/domain fees, personal vehicles, insurance, driver license fees, toll fees, wear and tear on personal vehicles, gas, meals, and other expenses.

48.     Defendant further failed to reimburse Plaintiff for or keep records of expenses related to damage incurred to Plaintiff's personal vehicle in the course of

performing work for Defendant, including an estimated $2,500.00 of expenses related to towing and repairs.

49.    Defendant intentionally and/or willfully failed to pay Plaintiff and the putative Class and Collective Action Members all wages owed in violation of the FLSA and relevant state laws.

## V.    FLSA CLAIMS

50.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

**A.    FLSA Coverage**

51.    All conditions precedent to this suit, if any, have been fulfilled.

52.    At all times relevant to this lawsuit, Defendant is/was eligible and a covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

53.    At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

54.    At all times relevant to this lawsuit, Defendant has employed, and continues to employ, thousands of employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

55.    At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

**B.    FLSA Allegations**

56.    The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as hourly-paid security officer employees of Defendant at locations across the country.

57.    At relevant times, Plaintiff and the putative Collective Action Members were employees of Defendant pursuant to the FLSA.

Case No.
Original Complaint

58.    On information and belief, thousands of hourly-paid security officer employees worked for Defendant in connection with its security and facility services during the three years preceding the filing of this action.

59.    During the relevant time period, Plaintiffs and the putative Collective Action Members performed uncompensated work as required by Defendant before and after their shifts began.

60.    Defendant's requirement that Plaintiffs perform work "off-the-clock" without compensation violated the FLSA's overtime and minimum wage provisions. 29 U.S.C. § 206, 207.

61.    Finally, during the relevant time period, Plaintiff and the putative Collective Action Members worked in excess of forty hours in a week for which they were uncompensated and/or undercompensated.

62.    Defendant's requirement that Plaintiff work overtime hours without compensation violated the FLSA's overtime provisions. 29 U.S.C. § 207.

**C.    Collective Action Allegations**

63.    Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all other non-exempt hourly-paid security guard employees who were required to complete pre- and post-liminary tasks without compensation and who were required to work in excess of forty hours in a week without proper overtime compensation in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

64.    Plaintiff has actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek.

65.    The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis relative to

Case No.
Original Complaint

providing security guard services on behalf of Defendant as employees, and not being compensated for required work performed outside of scheduled shifts or for hours worked in excess of forty hours in a week.

66.    Defendant failed to pay Plaintiff and the putative Collective Action Members the federally mandated overtime wages for all hours worked over 40 in a given workweek due to its policy or practice of not paying its employees one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek seven-day workweek.

67.    Defendant's failure to pay minimum wages and overtime compensation results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

68.    The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

69.    Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

70.    Plaintiffs propose that the class of putative Collective Action Members be defined as:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum and/or overtime wages in connection with Defendant's policy and/or practice of requiring off-the-clock work without any compensation, and/or who were not paid one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek seven-day workweek.

## VI.    CALIFORNIA STATE LAW CLAIMS

71.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

## A.    Controlling California State Law and Allegations

72.    California law requires payment of wages for all hours worked by an employee at a rate no lower than the applicable minimum wage. Cal. Labor Code. § 1182.12, § 1194.2.

73.    At times relevant to this lawsuit, Plaintiff and putative California Class were paid at or near the applicable minimum wage.

74.    California law requires payment of overtime wages to all non-exempt employees at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

75.    Plaintiff and the putative California Class Members frequently worked in excess of eight hours in a day or forty hours in a workweek.

76.    Defendant's policy or practice of requiring that Plaintiff and the putative California Class Members work significant overtime hours, while being compensated only at the regular rate of pay for all overtime hours worked, resulted in a failure to pay all overtime wages owed under California state law.

77.    Plaintiff and the putative California Class Members routinely worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 & 512 and California Wage Order 4-2001, § 11(B).

78.    As the result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff and the putative California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

Case No.
Original Complaint

79.     In addition, Plaintiff and the putative California Class Members regularly worked in excess of four hours without being afforded at least one ten-minute rest break in which they were relieved of all duty, as required by California Wage Order 4-2001, §12(A).

80.     As a result of Defendant's failure to afford proper rest breaks, it is liable to Plaintiff and the putative California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper rest breaks were not provided, pursuant to California Labor Code § 226.7 and California Wage Order  4-2001, § 12(B).

81.     California law requires employers to pay all wages due to an employee immediately upon discharge and within the time required by law after their employment ends. Cal. Labor Code §§ 201, 202. Should an employer willfully fail to timely pay its employee, the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days wages. Cal. Labor Code § 203.

82.     California law further requires that an employee be reimbursed for necessary expenditures utilized to perform work on behalf of the employer pursuant to California Labor Code § 2802.

83.     Defendant's scheme to withhold payment for off-the-clock work, overtime hours worked, necessary expenses, and failure to provide compliant meal and rest breaks resulted in retention of wages to be paid to Plaintiff and the putative California Class after their employment with Defendant ended.

84.     Because Plaintiff and the putative California Class were employees of Defendant, Defendant's retention of money owed to them after their employment ended was a violation of California state law.

Case No.
Original Complaint

85.    Furthermore, California Labor Code § 226(a) requires employers to furnish employees with itemized wage statements including, *inter alia*, an accurate depiction of all hours worked.

86.    Defendant's requirements that Plaintiff and the putative California Class complete off-the-clock without pay, that they work in excess of eight hours in a day or forty hours in a week without overtime pay, and its failure to provide meal and rest breaks resulted in a violation of the provision of the California Labor Code which requires that employees receive a wage statement containing an accurate representation of their hours of work, total hours worked, gross wages earned, net wages earned, and/or all applicable hourly rates in effect with the corresponding number of hours worked at each hourly rate.

87.    Defendant was aware that its failure to pay minimum wages and overtime compensation was unlawful pursuant to California state law.

**B.    Class Action Allegations**

88.    Plaintiff brings claims for relief under California state law, listed above, for violations of California's wage and hour laws as a class action, pursuant to Rules 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

89.    Numerosity (FED. R. CIV. P. 23(a)(1)) – the California Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period, hundreds of individuals worked for Defendant in the state of California.

90.    Commonality (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the California Class, including, but not limited to, the following:

    a.    Whether Defendant unlawfully failed to pay all wages owed in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and the California Labor Code and related regulations;

Case No.
Original Complaint

b.      Whether Defendant maintained a policy or practice of failing to pay the California Class for time spent completing off-the-clock work in violation of California law and resulting in minimum wage and overtime compensation violations;

c.      Whether Defendant maintained a policy or practice of failing to pay the California Class for all hours worked in excess of eight hours in a day or forty hours in a week, in violation of California law and resulting in overtime violations;

d.      Whether Defendant maintained a policy or practice of failing to provide meal and rest breaks as required by California law;

e.      Whether Defendant maintained a policy or practice of failing to reimburse necessary expenditures incurred by employees as required by California law;

f.      Whether Defendant unlawfully failed to keep and furnish the putative California Class with records of hours worked, in violation of California law;

g.      Whether Defendant's policy or practice of failing to pay the putative California Class all wages due immediately upon discharge violates California law;

h.      Whether Defendant's policy or practice of failing to pay the putative California Class all wages due within the time required by law after their employment ends violates California law; and

i.      The proper measure of damages sustained by the putative California Class.

91.     Typicality (FED. R. CIV. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative California Class. Plaintiff, like other California Class Members, was subjected to Defendant's policy or practice of refusing to pay for off-the-clock work, for overtime wages for all hours worked in excess of eight

hours in a day or forty hours in a week, and failure to comply with relevant state laws regarding meal and rest breaks in violation of California law. Plaintiff's job duties and claims are typical of those of the putative California Class.

92.    <u>Adequacy</u> (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative California Class.

93.    <u>Adequacy of counsel</u> (FED. R. CIV. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of non-exempt employees asserting unpaid minimum wages and overtime compensation claims under the FLSA and state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative California Class.

94.    Class certification of the California state law claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the putative California Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the putative California Class as a whole. Plaintiff is entitled to injunctive relief to end Defendant's policies or practices of refusing to pay minimum wages in relation to off-the-clock work, overtime compensation, and Defendant's refusal to comply with state law regarding meal and rest breaks in violation of California law.

95.    <u>Predominance</u> and <u>superiority</u> (FED. R. CIV. P. 23(b)(3)) – Class certification of the California state law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative California Class predominate over any questions affecting only individual members of the putative California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully failed to compensate the putative California Class for minimum wages

Case No.

Original Complaint

and overtime compensation. The damages suffered by individual members of the putative California Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

96.     Notice (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the putative California Class to the extent provided by Rule 23.

97.     Plaintiff proposes that the five classes to be certified be defined as:

All current and former non-exempt, hourly-paid security guard employees of Defendant who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum wages or overtime compensation for time spent completing off-the-clock work without any compensation, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Off-the-Clock Class Members");

All current and former non-exempt, hourly-paid security officer employees of Defendant who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek and whose wage statements were consequently inaccurate in violation of California state law (the putative "Overtime Class Members");

All current and former non-exempt, hourly-paid security guard employees of Defendant who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's failure to provide meal and/or rest breaks or penalty pay, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Break Class Members");

All current and former non-exempt, hourly-paid security officer employees of Defendant who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied reimbursement for expenditures

Case No.
Original Complaint

that were necessary to carry out job duties for Defendant (the putative "Expense Reimbursement Class Members");

and

All current and former non-exempt, hourly-paid security officer employees of Defendant who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied all wages due at the time of termination or within seventy-two hours of resignation (the putative "§ 203 Class Members").

98.    Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

## VII.   CAUSES OF ACTION
### 1.    First Claim for Relief – Violation of the FLSA

99.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

100.    The foregoing conduct, as alleged, violated the FLSA.

101.    Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

102.    Defendant was and is required to pay its employees, Plaintiff and the putative Collective Action Members, minimum wages for all hours worked under forty in a given workweek and overtime premiums in the amount of one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. §§ 206-207.

103.    Defendant failed to pay Plaintiff and the putative Collective Action Members the federally mandated minimum wage for all hours worked under forty in a given workweek due to its policy or practice of requiring off-the-clock work to be completed pre-and-post shift without any compensation.

104.    Defendant failed to pay Plaintiff and the putative Collective Action Members the federally mandated overtime wages for all hours worked over 40 in a given workweek due to its policy or practice of not paying its employees one and

- 20 -

Case No.
Original Complaint

one-half times their regular rate of pay for all hours worked over forty hours in a given workweek seven-day workweek.

105.   Accordingly, Plaintiff and the putative Collective Action Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. §§ 206 and 207.

106.   Defendant's conduct was willful and done to avoid paying minimum wages and overtime compensation. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

107.   Plaintiff seeks all damages to which Plaintiff is entitled under the FLSA, including back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

**2.      Second Claim for Relief – Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17210**

108.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

109.   The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

110.   Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and the putative California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the putative California Class.

Case No.
Original Complaint

111.    Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a.    The Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262;

b.    California Labor Code § 1182.12;

c.    California Labor Code § 1194, which provides in pertinent part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit;

d.    California Labor Code §§ 201-203, and 226;

e.    California Labor Code § 1174;

f.    California Labor Code § 2802; and

g.    California Labor Code § 510, which provides in relevant part:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

112.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

Case No.
Original Complaint

113.    The unlawful and unfair business practices and acts of Defendant, described above, have injured Plaintiff and the putative California Class in that they were wrongfully denied payment of earned wages.

114.    Plaintiff, on behalf of himself and the putative California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than the minimum wage for all hours worked under forty in a given workweek or eight on a given day, and overtime wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, or for the first eight hours of work performed on the seventh consecutive day of work, and double the regular rate of pay for work performed in excess of twelve hours per day and for all work over eight hours on the seventh consecutive day of work in a workweek.

115.    Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, & 1194.

**3.    Third Claim for Relief – California Minimum Wage Violations, Cal. Wage Order No. MW-2023; Cal. Labor Code §§ 1182 & 1194**

116.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

117.    The California Labor Code requires that all employees be paid minimum wage by their employers. The current applicable California Minimum Wage is $15.50 per hour. Cal Wage Order No. MW-2023. Before January 1, 2023, the California Minimum Wage was $15.00 per hour; before January 1, 2022, the California Minimum Wage was $14.00 per hour; before January 1, 2021, the California Minimum Wage was $13.00 per hour; before January 1, 2020, the California Minimum Wage as $12.00 per hour.[5]

---

[5]    *See* California Department of Industrial Relations, Minimum Wage, https://www.dir.ca.gov/dlse/faq_minimumwage.htm (last accessed April 19, 2023).

118.    The California Minimum Wage is and has, at all times relevant to this lawsuit, always been higher than the minimum wage required by the FLSA. Therefore, the higher California Minimum Wage applies to Plaintiff and all members of the putative Off-the-Clock Class and the putative Break Class. 29 U.S.C. § 218(a).

119.    Defendant's policy or practice of requiring Plaintiff and the putative Off-the-Clock Class to complete off-the-clock work without any compensation resulted in violations of these minimum wage provisions.

120.    Defendant's policy or practice of failing to afford Plaintiff and the putative Break Class with meal and rest breaks resulted in violations of these minimum wage provisions.

121.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff, the putative Off-the-Clock Class, and the putative Break Class have sustained damages, including loss of earnings for hours worked under forty in a workweek, or under eight hours per day ("straight time") during the four year period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, liquidated damages in an amount equal to the back wages[6] and costs and attorneys' fees, pursuant to statute and other applicable law.

**4.    Fourth Claim for Relief – California Overtime Violations, Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 510, 1194**

122.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

123.    California law requires an employer to pay overtime compensation to all non-exempt employees at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at

---

[6]    *See* Cal. Labor Code § 1194.2 (authorizing liquidated damages for an employer's failure to pay minimum wages).

a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

124.    California wage and hour laws provide greater protections for workers than the FLSA. Therefore, California wage and hour laws apply to Plaintiff and all members of the putative Overtime Class where they provide greater protections to workers. 29 U.S.C. § 218(a).

125.    Throughout the time period relevant to this claim for relief, Plaintiff and the putative Overtime Class worked in excess of eight hours in a workday and/or forty hours in a workweek. Plaintiff and the putative Overtime Class also sometimes worked in excess of 12 hours in one day and for over eight hours on a seventh consecutive day of work.

126.    Defendant's policy or practice of requiring Plaintiff and the putative California Unpaid Overtime Class to work overtime hours but only be paid at their regular rates of pay resulted in violations of these overtime wage provisions.

127.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the putative California Unpaid Overtime Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant during the four-year period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

   **5. Fifth Claim for Relief – California Meal and Rest Provisions, Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512**

128.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

129.    Plaintiff and the putative Break Class Members routinely work and have worked in excess of five-hour shifts without being afforded at least a half-

Case No.
Original Complaint

hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 & 512 and California Wage Order 4-2001, § 11(A).

130.    Defendant did not pay the mandatory penalty when it failed to relieve Plaintiff and the putative Break Class Members of all duty for meal breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

131.    As the result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff and the putative Break Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

132.    In addition, Plaintiff and the putative Break Class Members regularly work and have worked without being afforded at least one ten-minute rest break in which they were relieved of all duty per four hours of work performed or a major fraction thereof, as required by California Wage Order 4-2001, § 12(A).

133.    Defendant did not pay the mandatory penalty when it failed to fully relieve Plaintiff and the putative Break Class Members of all duty for rest breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 12(B).

134.    As the result of Defendant's failure to afford proper rest periods, it is liable to Plaintiff and the putative Break Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 12(B).

135.    In the event Plaintiff and the putative Break Class Members are successful in prosecuting this claim, they are entitled to an award of reasonable attorney's fees and costs pursuant to California Labor Code § 218.5.

### 6.    Sixth Claim for Relief—Failure to Reimburse for Necessary Expenditures; Cal. Labor Code § 2802

136.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

137.    At all times material to this Complaint, Plaintiff was required to travel to and from the job sites in various locations throughout California.

138.    Defendant required Plaintiff and the putative Expense Reimbursement Class Members to provide their own personal vehicles and gas throughout the course of their employment.  Specifically, Defendant did not reimburse Plaintiff and the putative Expense Reimbursement Class Members for the use of their cell phones, data plans, internet connections, email/domain fees, etc.; nor for the purchase of their personal vehicles, insurance, driver license fees, toll fees, wear and tear on personal vehicles, gas, laundry, meals, and other expenses that benefited Defendant, all of which were required to perform their jobs.

139.    At all times material to this Complaint, Defendant was subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

140.    As a proximate result of Defendant's policies in violation of Labor Code § 2802, Plaintiff and the putative Expense Reimbursement Class Members sustained actual and pecuniary damages.

141.    Plaintiff and the putative Expense Reimbursement Class Members are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

142.    Pursuant to Labor Code § 2802(b), any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on

Case No.
Original Complaint

which the employee incurred the necessary expenditure. Plaintiff and the putative

Expense Reimbursement Class Members are entitled to said interest.

**7.    Seventh Claim for Relief – California Record-Keeping Provisions, Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 226, 1174, & 1174.5**

143.    Plaintiff incorporates the preceding paragraphs by reference as if set

forth fully in this section, unless inconsistent.

144.    Defendant knowingly and intentionally failed to provide timely,

accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff

and the putative California Class Members in accordance with California Labor

Code § 226(a) and the applicable IWC Wage Order. Such failure caused injury to

Plaintiff and the putative Overtime Class Members by, among other things,

impeding them from knowing the amount of wages to which they were and are

entitled. On information and belief, at all times relevant herein, Defendant has

failed to maintain records of hours worked by Plaintiff and the putative Overtime

Class Members as required under California Labor Code § 1174(d).

145.    Plaintiff and the putative Overtime Class Members are entitled to and

seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(e) &

1174(d), and further seek the amount provided under Labor Code §§ 226(e) &

1174.5, including the greater of all actual damages or fifty dollars ($50) for the

initial pay period in which a violation occurs and one hundred dollars ($100) per

employee for each violation in a subsequent pay period.

**8.    Eighth Claim for Relief – California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203**

146.    Plaintiff incorporates the preceding paragraphs by reference as if set

forth fully in this section, unless inconsistent.

147.    California Labor Code §§ 201 and 202 require Defendant to pay

employees all wages due within the time specified by law. California Labor Code

§ 203 provides that if an employer willfully fails to timely pay such wages, the

employer must, as a penalty, continue to pay the subject employees' wages until

the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

148.    Plaintiff and the putative § 203 Class Members who ceased employment with Defendant are entitled to unpaid compensation and other monies, as alleged above, but to date have not received such compensation.

149.    More than thirty days have passed since Plaintiff and the putative § 203 Class Members left Defendant's employ.

150.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and the putative § 203 Class Members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## VIII.  JURY DEMAND

151.    Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which Plaintiff and the putative Collective and California Class Action Members have a right to jury trial.

## IX.    DAMAGES AND PRAYER

152.    Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the Collective and Class Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

  a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

  b.    An order certifying that the California state law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

  c.    Designation of Plaintiff Young as a Representative of the California Class Action Members;

Case No.
Original Complaint

d.   Designation of attorney Melinda Arbuckle of Wage and Hour Firm, as Class Counsel for the Nationwide FLSA Collective Action and the California Class Action Members;

e.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California state law;

f.   An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.   An award of damages including all unpaid overtime compensation for all hours worked over forty in a workweek, or, in California, over eight hours in a day and for the first eight hours worked on the seventh consecutive day of work in a workweek at the applicable time and one half rate, and at the relevant double time rate for hours worked over 12 in a given day and for all hours over eight worked on the seventh consecutive day of work in a workweek;

h.   Appropriate statutory penalties;

i.   Costs of action incurred herein, including expert fees;

j.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

k.   Pre-judgment and post-judgment interest, as provided by law; and

Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: April 19, 2023

Respectfully submitted,

By:    *s/Melinda Arbuckle*
       Melinda Arbuckle

WAGE AND HOUR FIRM
Melinda Arbuckle, SBN 302723
marbuckle@wageandhourfirm.com
4241 Jutland Dr., Ste 200
San Diego, California 92117
(214) 210-2100 – Telephone
(469) 399-1070 – Facsimile

*Counsel for Plaintiff and Proposed Class and Collective Action Members*

Case No.
Original Complaint